IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MILTON JONES, | : | |
| Plaintiff, | : | |
| VS. | : | **7 : 12-CV-117 (HL)** |
| McBURROUGH, | : | |
| Defendant. | : | |

## RECOMMENDATION

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on August 27, 2012. (Doc. 1).   Presently pending in this action are Defendant's Motions to Dismiss. (Docs. 12, 15).

### Background

In his Complaint, Plaintiff asserts that threats were made against him by another inmate in the presence of Defendant McBurrough, an officer at Valdosta State Prison ("VSP").  (Doc. 1).   During shower call, the inmate allegedly kicked Plaintiff's door and stated that he was going to kill Plaintiff. Plaintiff maintains that minutes later, while he was in restraints, he was stabbed by the inmate. Defendant allegedly failed to properly secure the other inmate or call for assistance.   Plaintiff asserts that Defendant was deliberately indifferent to a serious risk of harm to Plaintiff, violating his Eighth Amendment rights.

### *Defendant's First Motion to Dismiss*

Defendant filed his first Motion to Dismiss stating, in part, that Plaintiff failed to state a claim upon which relief can be granted. (Doc. 12).   A motion to dismiss can be granted only if Plaintiff's

Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief.

*Id.* at 1950.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[ ] reasonably to the risk.'" *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (quoting *Farmer*, 511 U.S. at 843). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832. "The known risk of injury must be 'a strong likelihood, rather than a mere possibility' before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Edwards v. Gilbert*, 867 F.3d 1271, 1276 (11th Cir. 1989)).

The Complaint alleges that Defendant was present when Plaintiff's inmate attacker made a threatening statement to Plaintiff and kicked Plaintiff's cell door. (Doc. 1). Plaintiff has not articulated any other reason that would show Defendant should have been concerned about the likelihood of an assault, such as previous altercations between Plaintiff and the inmate, or any history of the inmate actually assaulting other inmates. *See Lockett v. Lawrence*, 2010 WL 2367517, *2 (S.D. Ga. March 18, 2010). Further, Plaintiff does not allege that he informed Defendant that he was concerned about his safety after the threat was made.

The Complaint fails to show that Defendant was aware that an attack on Plaintiff was "a strong

likelihood[.]" *See Brown*, 894 F.3d at 1537. Defendant's presence when the inmate made a threat against Plaintiff does not show that Defendant had actual knowledge of a substantial risk of harm. *See Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) ("[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm."); *Metheny v. Smith*, 2006 WL 566111, *7 (S.D. Ga, March 6, 2006) (dismissing the complaint for failure to state a claim when the plaintiff alleged that he told the defendants he had been threatened by an inmate in his dorm because threats between inmates are common); *Griggs v. Boyd*, 2012 WL 1058992, *5 (M.D. Ala., Feb. 29, 2012) (finding no indication that defendants actually knew of any risk to the plaintiff, even when the pleadings alleged that the inmate "voiced verbal animosity and threatened harm" upon observing that the plaintiff was being placed in his cell); *Oliver v. Matthews*, 2005 WL 1270949, *4-5 (M.D. Ala., May 27, 2005) (finding the plaintiff failed to state a claim where, even if the defendants heard an inmate's request to be released from his cell so he could beat the plaintiff, there was no other indication that plaintiff had complained of a specific threat to his safety from the inmate); *McClelland v. Harris*, 2006 WL 3240751, *2 (W.D.N.C., Nov. 7, 2006) (allegations that the defendant was walking in front of the inmates when a threat was made did not show that the defendant knew of and disregarded an excessive risk to inmate safety)[1].

Furthermore, the Complaint does not allege that Defendant acted with deliberate indifference after the threat was made. There are no allegations that Defendant was aware that Plaintiff would be leaving his cell and walking past the other inmate minutes after the threat, that Defendant was aware that the other inmate was not properly secured, or that Defendant was aware Plaintiff had been placed

---

[1] *Griggs*, *Oliver*, and *McClelland* apply a summary judgment standard to the deliberate indifference claim, as opposed to a Fed.R.Civ.P. 12(b)(6) standard. Despite the difference in standards between the cited cases and the instant case, "the legal framework required to sustain Plaintiff's claim remains the same." *Bettencourt v. Owens*, 2011 WL 4543835, n. 4 (Sept. 30, 2011).

in restraints. The Complaint does not allege that Defendant took any action that showed a conscious or callous indifference to Plaintiff's safety. *Smith v. Reg'l Director of Florida Dept. of Corrections*, 368 Fed. Appx. 9, 14 (11th Cir. 2010) ("a plaintiff must allege a conscious or callous indifference to a prisoner's rights"). At most, the Complaint alleges that Defendant was negligent for failing to properly secure the other inmate. Defendant's negligence in failing to protect Plaintiff from the attack does not establish a §1983 claim. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety"); *Brown*, 894 F.2d at 1537 ("Merely negligent failure to protect an inmate from attack does not justify liability under section 1983[.]").

Plaintiff has not shown that Defendant had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Accordingly, the Court finds that Plaintiff has failed to state a claim against Defendant. It is the recommendation of the undersigned that Defendant's first Motion to Dismiss (Doc. 12) be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

### *Defendant's Second Motion to Dismiss*

In addition to filing his first Motion to Dismiss, on January 28, 2013, Defendant filed a second Motion to Dismiss asserting that Plaintiff's Complaint should be dismissed based on his failure to prosecute this case. (Doc. 15). Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989).

On August 28, 2012, the Court ordered Plaintiff to diligently prosecute his Complaint, and advised Plaintiff that his action could be dismissed due to a lack of prosecution. (Doc. 7). On November 8, 2012, the Court ordered Plaintiff to file a response to Defendant's first Motion to Dismiss within thirty (30) days of the date of the Order. (Doc. 14). The Court also ordered Plaintiff to file a response to Defendant's second Motion to Dismiss within thirty (30) days from the date of that Order, which was dated January 28, 2013. (Doc. 16). As Plaintiff did not file a timely response to either Motion as ordered, on May 6, 2013, the Court ordered Plaintiff to show cause as to why this action should not be dismissed based on Plaintiff's failure to prosecute. (Doc. 17).

Plaintiff failed to file timely responses to either of Defendant's Motions to Dismiss. When Plaintiff did file a response on June 4, 2013, the response did not address the assertions contained in the Motions to Dismiss. (Doc. 18). Further, Plaintiff did not file a response until after the Court ordered Plaintiff to show cause as to why his case should not be dismissed, and although Plaintiff filed a response to the Order to Show Cause, he did not provide any explanation for his failure to diligently prosecute this case. (Doc. 18). Plaintiff failed to comply with two Court orders requiring him to timely respond to Defendant's Motions to Dismiss, and his response to the Show Cause Order was inadequate.

The Court finds that Plaintiff has not diligently prosecuted this case. However, as the Court has found Plaintiff's Complaint failed to state a claim, the undersigned recommends that Defendant's second Motion to Dismiss (Doc. 15) be **found to be moot**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN

FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 22nd day of July, 2013.

                                                  s/ ***THOMAS Q. LANGSTAFF***
                                                  UNITED STATES MAGISTRATE JUDGE